IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRADLEY BRINKMAN and
VICTORIA BRINKMAN,

    Plaintiffs,

  v.

SCHWEIZER AIRCRAFT
CORPORATION, et al.,

    Defendants.

NO. C10-4601 TEH

ORDER GRANTING
PLAINTIFFS' MOTION TO
CONTINUE BRIEFING AND
HEARING SCHEDULES ON
DEFENDANTS' VENUE
MOTIONS

  The Court has carefully considered the parties' arguments concerning whether Defendants' pending venue motions should be decided prior to considering whether this action should be remanded for lack of subject matter jurisdiction.

  Defendants correctly observe that a court "may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007). Other courts have held that "the Court's conclusion in *Sinochem* applies equally within the context of a motion to transfer pursuant to 28 U.S.C. § 1404(a)." *San Francisco Tech., Inc. v. Glad Prods. Co.*, Case No. C10-0966 JF (PVT), 2010 WL 2943537, at \*6 n.8 (N.D. Cal. July 26, 2010); *see also, e.g., In re LimitNone, LLC*, 551 F.3d 572, 576-78 (7th Cir. 2008); *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 79 (D.D.C. 2009).

  However, while *Sinochem* allows a court to consider venue issues before deciding complex jurisdictional questions, it does not appear to require it. Nor do the parties' papers establish that the jurisdictional questions in this case are so complex as to warrant deferring a jurisdictional decision in favor of a less complex venue decision. Moreover, the Ninth

1  Circuit has called into question, albeit in dicta, whether the analysis in *Sinochem* applies to

2  cases – like this one – that have been removed, as opposed to cases filed originally in federal

3  court:

4  > For a case originally filed in federal court, the result would be the same, whether dismissed on jurisdictional or *forum non conveniens* grounds – dismissal would be inevitable and conclusive. For a case originating in state court, however, the difference could be significant. If the federal court dismisses on *forum non conveniens* grounds, the case is dismissed. But if removal is improper, the case is remanded to the state court. Thus, in a removal scenario, the sequencing of the decision may have practical consequences.

9  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1088 (9th Cir. 2009).

10  In light of the above, the Court finds good cause to GRANT Plaintiffs' motion to

11  continue proceedings on Defendants' venue motions until after Plaintiffs' anticipated motion

12  to remand can be decided. Plaintiffs state that they will file their remand motion on or before

13  November 12, 2010. If Plaintiffs fail to do so, then the briefing and hearing schedule on

14  Defendants' two venue motions shall remain unchanged. However, if Plaintiffs file a remand

15  motion by November 12, 2010, then the venue motions shall be stayed until after the Court

16  decides whether this case should be remanded. To promote efficiency, the parties shall meet

17  and confer after Plaintiffs have filed their motion to determine whether jurisdictional

18  discovery is necessary. If so, the parties shall attempt to reach a stipulation on discovery

19  deadlines and a briefing and hearing schedule on Plaintiffs' motion.

21  **IT IS SO ORDERED.**

23  Dated: 11/10/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2