UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY BRINKMAN and VICTORIA BRINKMAN, | No. CV 10-04601-MHP |
| Plaintiffs, | **MEMORANDUM & ORDER** |
| v. | **Re: Defendant's Motion to Transfer** |
| SCHWEIZER AIRCRAFT CORPORATION, a corporation; SCHWEIZER HOLDINGS, INC., a corporation; DOES ONE THROUGH FIFTY; DOE COMPANY ONE THROUGH FIFTY, | |
| Defendants, | |

On March 10, 2011, this court denied plaintiffs' motion to remand and ordered plaintiffs to show cause why this action should not be transferred to the District of Oregon pursuant to 28 U.S.C. § 1404(a). The court provided the following explanation, in relevant part, why transfer would serve the interests of justice and the convenience of the parties and witnesses, as required by the transfer statute:

> All the events giving rise to this action occurred in Oregon; witnesses to the accident and investigation are all in Oregon; the helicopter manufactured by defendants was based in Oregon; plaintiff Bradley Brinkman received medical treatment in Oregon; plaintiffs have filed a separate lawsuit against the flight school in Oregon state court; and all parties to both lawsuits have a strong connection to Oregon, including plaintiffs, who were residents of Oregon at the time of the accident. In contrast, the only apparent connection to California in this action is that plaintiffs were citizens, but not residents, of the state when the accident occurred.

Docket No. 33 at 9; *Brinkman v. Schweizer Aircraft Corp.*, 2011 WL 863499, at *6 (N.D. Cal. Mar. 10, 2011) (Patel, J.).

Plaintiffs subsequent briefing has done nothing to alter the court's conclusion that transfer is proper. Plaintiffs argue that this action, unlike the state court action in Oregon, focuses on the design and manufacture of the helicopter at issue, and that the relevant employees of defendant Schweizer Aircraft likely reside in New York, making Oregon no more convenient for such witnesses than California. They also argue that several of the relevant damages witnesses reside in California and elsewhere outside of Oregon, rendering this forum equally or more convenient than the District of Oregon. These arguments are unpersuasive. The court has serious doubts that the present action will not require substantial inquiry into the events surrounding the helicopter crash that precipitated this lawsuit, and as previously noted all the witnesses to that crash reside in Oregon. Defendant has indicated that many of the issues essential to its defense---e.g., modification and maintenance of the aircraft and Brinkman's flight training---necessitate access to witnesses and evidence in Oregon. To the extent that any of plaintiffs' damages witnesses would be inconvenienced by travel to Oregon, they are already subject to such inconvenience by plaintiffs' state court damages claims. Plaintiffs concede that this case could have been filed in the District of Oregon, Docket No. 34 at 3-4, and the interests of the parties, the witnesses and judicial economy strongly militate towards transferring this case to the District of Oregon. The feasibility and/or propriety of consolidating this matter with the state court action can be addressed, if necessary, after transfer.

For the foregoing reasons, this case is TRANSFERRED to the United States District Court for the District of Oregon. The clerk shall transfer this matter forthwith and close the file.

IT IS SO ORDERED.

Dated: May 18, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

2